UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| VS. : | Docket No. 3:00CR135 (AWT) |
| ALBERTO V. ZAPPALA : | February 24, 2005 |

## GOVERNMENT'S SUPPLEMENTAL MOTION
## TO AMEND RESTITUTION ORDER

The Government hereby seeks to supplement information initially provided in support of its previous Motion to Amend Restitution Order, which is currently pending. Specifically, the Government has been advised that the Client Security Fund provided additional compensation to one additional victim (John Vecchio) after the Government's initial motion was filed. Attached to this motion is correspondence from the Client Security Fund indicating the additional compensation that it has paid to Mr. Vecchio. Also attached for the Court's convenience is a proposed Amended Restitution Order.

Based upon the reasons previously articulated in the Government's pending Motion to Amend Restitution Order, the Government respectfully requests that its motions be granted and that an amended restitution order be entered in accordance with the Government's requests.

Respectfully submitted,

Kevin J. O'Connor
United States Attorney

Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, Connecticut   06510
(203) 821-3780 (telephone)
(203) 773-5392 (fax)
Federal No. CT3393
Christine.Sciarrino@usdoj.gov

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 24th day of February, 2005 to:

Ira B. Grudberg, Esq.
350 Orange Street
New Haven, CT  06503-0606

Christopher G. Blanchard, Esq.
Client Security Fund Committee
287 Main Street
Second Floor, Suite One
East Hartford, CT  06118-1885

_____
Christine Sciarrino

STATE OF CONNECTICUT



Judicial Branch
www.jud.state.ct.us
**CLIENT SECURITY FUND COMMITTEE**
Second Floor – Suite One
287 Main Street, East Hartford, CT 06118-1885

Christopher G. Blanchard
Staff Attorney
(860) 568-3450

July 15, 2004

Attorney Christine Sciarrino
Assistant United States Attorney
Office of the United States Attorney
Connecticut Financial Center
157 Church Street
New Haven, CT 06510

Re: Alberto Zappala

Dear Attorney Sciarrino:

    Regarding your request for an update from our office concerning claims that have been approved by the Client Security Fund Committee involving former attorney Alberto Zappala, awards have been made to the following individuals in the following amounts:

| | |
|---|---|
| Mr. Ronald D. Schmitt | $ 5,000.00 |
| Ms. Kalena Lathrop | $26,982.87 |
| Mr. John Vecchio | $20,000.00 |

Please let me know if you require anything further in connection with this matter. I may be reached at extension 321 at the above telephone number.

Sincerely,

Christopher G. Blanchard

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA         :

VS.                              :         Docket No. 3:00CR135 (AWT)

ALBERTO V. ZAPPALA               :

AMENDED RESTITUTION ORDER

This Court having fully considered the matter before it, and in accordance with 18 U.S.C. § 3664(j)(1) hereby amends its Order of Restitution entered May 31, 2001 as follows:

1.  Recognizing that certain victims have received restitution in full through compensation paid by the Client Security Fund, the Clerk of Court is directed to adjust his restitution records by reducing from $101,209.47 to $0.00 the combined amount of restitution owed to Terry Gatling a/k/a Terri Gatling, Robin Johnson, Kalena Lathrop, Adelina Lopez a/k/a Adelaida Lopez, Esteban Lopez, Herbes Lopez, Enilia Rapuano a/k/a Enelia Rapuano, Bernard Smith and John Vecchio[1].

2.  The Client Security Fund compensated the victims listed above in amounts that exceeded the amounts of restitution previously ordered by this Court. The Client Security Fund is entitled to recover compensation it paid to the above victims, but only up to the amount of restitution originally imposed. Thus, the reduction of restitution discussed in Paragraph 1, above, shall be offset by the

---

[1] There are slight variations in the spelling of the first names of Ms. Gatling, Ms. Lopez and Ms. Rapuano when the victim information provided by the Government is compared to the victim information provided by the Client Security Fund.

compensation paid by the Client Security Fund; such that the amount of $101,209.47 shall be added to the amount of restitution owed, and shall be due the Client Security Fund.

3. In accordance with 18 U.S.C. § 3664(j)(1), the Clerk of Court shall disburse all future restitution payments to the victims identified in this Court's initial Order of Restitution until said victims have been paid in full. It is only once all the victims have been paid in full in accordance with this Court's initial Order of Restitution, that the Clerk shall then commence disbursing restitution payments to the Client Security Fund.

4. The Clerk of Court is directed to adjust his records by reducing from $109,725.00[2] to $87,147.67 the amount of restitution owed to James Cianciolo. The Clerk of Court is also directed to adjust his records by reducing from $158,220.00[3] to $135,642.67 the amount of restitution owed to Lester Licht. A total amount of $45,154.66 was previously recovered by this Court's Trustee, Lee Kennedy Tiernan, Esq., and paid directly to Messrs. Cianciolo and Licht in equal amounts of $22,577.33 each.

5. In the event that the Client Security Fund provides compensation in the future to any of the victims identified in the initial Order of Restitution, upon written notice from the Client Security Fund, the Clerk of Court is directed to adjust his records to reflect an offset, as discussed in Paragraph 2,

---

[2] A restitution amount of $110,000.00 was originally awarded to James Cianciolo. As of February 24, 2005, the Clerk of Court has disbursed $275.00 to Mr. Cianciolo from restitution payments received directly from the Defendant. Thus, the Clerk's records currently show a remaining balance of $109,725.00 due Mr. Cianciolo.

[3] A restitution amount of $158,470.00 was originally awarded to Lester Licht. As of February 24, 2005, the Clerk of Court has disbursed $250.00 to Mr. Licht from restitution payments received directly from the Defendant. Thus, the Clerk's records currently show a remaining balance of $158,220.00 due Mr. Licht.

amount of loss previously ordered by this Court, the Client Security Fund may only recover through restitution an offset equal to, but not in excess of, the remaining amount of restitution owed to that particular victim.

SO ORDERED;

Dated this _____ day of _____, 2005 at Hartford, Connecticut.

_____
ALVIN W. THOMPSON
UNITED STATES DISTRICT JUDGE