UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| VS. | :     Docket No. 3:00CR135 (AWT) |
| ALBERTO V. ZAPPALA | : |

AMENDED RESTITUTION ORDER

This court, having fully considered the matter before it and in accordance with 18 U.S.C. § 3664(j)(1), hereby amends its Order of Restitution entered May 31, 2001 as follows:

1. Because certain victims have received restitution in full through compensation paid by the Client Security Fund, the Clerk is directed to adjust his restitution records by reducing from $125,098.50 to $0.00 the combined amount of restitution owed to Maria Cullen-Carrano, Darnell Freeman, Terry Gatling a/k/a Terri Gatling, Robert G. Hancock, Robin Johnson, Kalena Lathrop, Adelina Lopez a/k/a Adelaida Lopez, Esteban Lopez, Herbes Lopez, Daniel Onofrio, Enilia Rapuano a/k/a Enelia Rapuano, Bernard Smith, Amanda Sullivan, George Sullivan, John Vecchio[1] and George Wolcheski[2].

2. The Client Security Fund compensated the victims listed above in amounts that exceeded the amounts of restitution previously ordered by this court. The Client Security Fund is entitled to recover compensation it paid to the above victims, but only up to the amount of

---

[1] There are slight variations in the spelling of the first names of Ms. Gatling, Ms. Lopez and Ms. Rapuano when the victim information provided by the government is compared to the victim information provided by the Client Security Fund.

[2] The Client Security Fund paid Mr. Wolcheski $6,000.00, which is an amount that is less than the amount of restitution originally ordered, i.e., $13,674.78. The Clerk is directed to reduce the amount of restitution now due Mr. Wolcheski by the $6,000.00 paid by the Client Security Fund, leaving a balance as of May 19, 2005 of $7,674.78.

restitution originally imposed. Thus, the reduction of restitution discussed in Paragraph 1 above shall be offset by the compensation paid by the Client Security Fund, such that the amount of $125,098.50 shall be added to the amount of restitution owed, and shall be due the Client Security Fund.

    3. In accordance with 18 U.S.C. § 3664(j)(1), the Clerk shall disburse all future restitution payments to the victims identified in this court's initial Order of Restitution until said victims have been paid in full. After all such victims have been paid in full in accordance with this court's initial Order of Restitution, the Clerk shall then commence disbursing restitution payments to the Client Security Fund.

    4. The Clerk is directed to adjust his records by reducing from $109,725.00[3] to $87,147.67 the amount of restitution owed to James Cianciolo. The Clerk is also directed to adjust his records by reducing from $158,220.00[4] to $135,642.67 the amount of restitution owed to Lester Licht. A total amount of $45,154.66 was previously recovered by this court's Trustee, Lee Kennedy Tiernan, Esq., and paid directly to Messrs. Cianciolo and Licht in equal amounts of $22,577.33 each.

    5. In the event that the Client Security Fund provides compensation in the future to any of the victims identified in the initial Order of Restitution, upon written notice from the Client

---

[3] A restitution amount of $110,000.00 was originally awarded to James Cianciolo. As of May 19, 2005, the Clerk has disbursed $275.00 to Mr. Cianciolo from restitution payments received directly from the defendant. Thus, the Clerk's records currently show a remaining balance of $109,725.00 due Mr. Cianciolo.

[4] A restitution amount of $158,470.00 was originally awarded to Lester Licht. As of May 19, 2005, the Clerk has disbursed $250.00 to Mr. Licht from restitution payments received directly from the defendant. Thus, the Clerk's records currently show a remaining balance of $158,220.00 due Mr. Licht.

Security Fund, the Clerk shall adjust his records to reflect an offset, in the manner provided for in Paragraph 2 above. Should the Client Security Fund compensate a victim for a loss that is more than the amount of restitution previously ordered by this court, the Client Security Fund may in no event recover through restitution an offset that is greater in aggregate amount than the restitution ordered by this court for that particular victim.

    It is so ordered.

    Dated this 24th day of May, 2005, at Hartford, Connecticut.

                                          /s/ AWT
                                _____
                                     Alvin W. Thompson
                                 United States District Judge